The opinion of the, court was delivered by
Rogers, J.
I agree with'the learned judge who tried this cause, that the plaintiffs have neither proceeded regularly, nor legally. The judgment upon the scire facias, (sur mortgage) does not ascertain the amount claimed by the plaintiffs being merely a judgment for the sum due. The scit'e facias quare executio non, recites that two hundred and fifty-five pounds, ten shillings, and ten and a-half pence have been recovered, and demands execution for that sum. The defendants, instead of pleading nul tiel record, plead payment with leave, &c., on which there is a judgment for the plaintiffs, which in strictness would be a judgment, that they have execution for the sum averred to have been recovered. The levari facias is clearly irregular, being for two hundred -, without stating whether it be pounds, shillings, dollars or cents. The alias levari is to levy on three hundred acres of land, for the non-payment of two hundred and fifty pounds. On these proceedings, the land in dispute was sold, and without anjr complaint from the administrators of Allen, or from any other person. Thomas Stackpole became the purchaser at the sheriff’s sale, for the use of the heirs of James Stackpole, deceased. The court on motion, would have had no difficulty in setting aside these proceedings for irregularity, and the judgment would have been reversed by the Supreme Court, in error. These irregularities, however, do not render the proceedings so absolutely void, as to vest no title in the purchaser at sheriff’s sale. On the contrary, they are available against the present defendant until reversed, and are not to be examined in this collateral suit. Henry Glassford seeks to take advantage of a defect, with which he has no concern; for it is a matter of no consequence to him to whom the money arising from the sheriff’s sale belongs,'whether to the mortgagee, or the judgment creditors of Allen. The erroneous process stands good until *167 the party avoids it by error, and no person can bring a writ of error, but he who is party or privy to the record, and competent to. release it. Carth. 148. 1 Wils. 255. Cro. E. 165. Cro.J. 288. 2 Saund. 46. note b.
As I understand this cause, the plaintiffs allege, that when the land was sold by the sheriff on the judgment, it was sold subject to the mortgage, and that there was an express understanding to that effect. That this was a condition of the sale, and so understood by the sheriff and the purchaser. If this were the fact, which it was for the jury to decide, it would be against equity, that the defendant should retain the land without paying the amount actually due on the mortgage. It forms a part of the purchase money; as much so as if Laird had paid an amount sufficient to cover the mortgage, with the additional sum of two hundred and nine dollars and fifty cents, paid for the land. He takes upon himself, the payment of the amount due in addition to the sum-paid.
As it seems that this material fact was withdrawn by the judge from the jury, this is error.
If the jury should find that there was such an agreement, the defendant can relieve himself, by paying or tendering on the trial the amount really due on the mortgage.
Judgment reversed, and a venire facias de novo awarded.